UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Michele Richardson<br><br>      Plaintiff,<br><br>v.<br><br>Stuart Allan & Associates, Inc.<br><br>      Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Michele Richardson, ("Michele"), is a natural person who resided in Denison, Texas, at all times relevant to this action.

2. Defendant, Stuart Allan & Associates, Inc., ("SAA"), is an Arizona Corporation that maintained its principal place of business in Tucson, Arizona, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, SAA collected consumer debts.

6. SAA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of revenue is debt collection.

8. SAA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, SAA contacted Michele to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Michele is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around February 21, 2014, SAA contacted Michele on Michele's cellular phone in connection with the collection of the debt.

13. During this communication, Michele disputed the debt to SAA.

14. During this communication, SAA raised its voice, became irate and accused Michele of trying to avoid paying the debt.

15. During this communication, SAA stated something substantially similar to, "I am making this call, so obviously it is your debt."

16. SAA caused Michele emotional distress.

17. SAA attempted to collect a debt from Michele.

18. SAA violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Hyslip & Taylor, LLC, LPA


                By:   /s/ Jeffrey S. Hyslip (Pro Hac Vice)
                One of Plaintiff's Attorneys

Date: July 18, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th Street, Suite 200
Chicago, IL  60608
312-380-6110
jeffrey@lifetimedebtsolutions.com